UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANK BRUNCKHORST III, individually and in his capacity as trustee of THE FRANK BRUNCKHORST III 2001 TRUST,<br><br>      Plaintiff,<br><br>    v.<br><br>ERIC BISCHOFF; SUSAN STRAVITZ KEMP, in her capacity as co-trustee of THE BARBARA BRUNCKHORST 1994 TRUST and executrix of THE ESTATE OF BARBARA BRUNCKHORST, AND RICHARD TODD STRAVITZ, in his capacity as co-trustee of THE BARBARA BRUNCKHORST 1994 TRUST, trustee of THE BARBARA BRUNCKHORST 2010 TRUST, and executor of THE ESTATE OF BARBARA BRUNCKHORST,<br><br>      Defendants. | No. 21-CV-4362 (JPC)<br><br>**STIPULATED** ~~AND [PROPOSED]~~ **CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| ERIC BISCHOFF,<br><br>      Counterclaim-Plaintiff,<br><br>    v.<br><br>FRANK BRUNCKHORST III, individually and in his capacity as trustee of THE FRANK BRUNCKHORST III 2001 TRUST,<br><br>      Counterclaim-Defendant. | |

1

ERIC BISCHOFF,

        Crossclaim-Plaintiff,

v.

SUSAN STRAVITZ KEMP, in her capacity as co-trustee of THE BARBARA BRUNCKHORST 1994 TRUST and executrix of THE ESTATE OF BARBARA BRUNCKHORST, AND RICHARD TODD STRAVITZ, in his capacity as co-trustee of THE BARBARA BRUNCKHORST 1994 TRUST, trustee of THE BARBARA BRUNCKHORST 2010 TRUST, and executor of THE ESTATE OF BARBARA BRUNCKHORST,

        Crossclaim-Defendants.

This Confidentiality Agreement and Protective Order ("Order") is entered into by and among Plaintiff Frank Brunckhorst III, individually and in his capacity as trustee of The Frank Brunckhorst III 2001 Trust, Defendant Eric Bischoff ("the Parties" and each individually a "Party"), and any other persons or entities who become bound by this Order by signifying their assent through execution of Exhibit A hereto (a "Declaration").

## RECITALS

WHEREAS, the Parties request that this Court issue a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure 26 to protect the confidentiality of nonpublic and commercially sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored protective order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Order—including, without limitation, the Parties, as well as their attorneys, representatives, agents, and experts and consultants; third parties providing discovery in this action; and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

**A.     Discovery Materials May Be Designated as Confidential**

1.     This Order applies to all information, documents, and things exchanged in or subject to discovery that are produced or otherwise provided in this action, either by a Party or a non-Party (each a "Producing Person"), to any other Party or non-Party (each a "Receiving Person") in response to or in connection with any discovery requests, including, without limitation, deposition testimony (whether based upon oral examination or written questions), interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, document requests, documents, information and other things produced as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "Discovery Material").

2.     Any person subject to this Order who receives from any other person any Discovery Material that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

3.     A Party or non-Party (each a "Designating Person") may designate as "Confidential" any portion of Discovery Material that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good-faith opinion of the Designating Person, seriously harm the Designating Person's business, commercial, financial, or personal interests or cause the Designating Person to

violate his, her, or its privacy or confidentiality obligations to others. Where the Confidential portion is reasonably separable from the non-confidential portion, only the confidential portion shall be so designated.

4. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Designating Person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" either on the record during the deposition or in writing within five business days of receipt of the transcript.

5. If at any time prior to the trial of this action, a Producing Person realizes that some portion of Discovery Material that person previously produced should be designated as "Confidential," the Producing Person may so designate that portion by promptly notifying all Receiving Persons in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the Producing Person shall provide each Receiving Person with replacement versions of such Discovery Material that bears the "Confidential" designation within two business days of providing such notice.

**B.      Objecting to Designated Material**

1. Any person who either objects to any designation of confidentiality or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of this action serve upon the Designating Person and all other parties a written notice stating with particularity the grounds of the objection or request. The Parties will then confer in good faith to attempt to resolve any dispute respecting the confidentiality designation and/or its scope. If agreement cannot be reached promptly, counsel for all affected persons may apply to the Court for relief. Until the

Court rules on such issue or the Parties resolve such issue by and among themselves, the designated material shall continue to be treated as designated.

**C.     Who May Receive Confidential Materials**

1. No person subject to this Order, other than the Designating Person, shall disclose any Confidential Discovery Material to any other person whomsoever, except to the following:

   a. the Parties to this action;

   b. counsel to the Parties, including any paralegal or clerical or other assistant employed by such counsel;

   c. a document's author, its addressee, and any other person shown on the face of the document as having received a copy;

   d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto at Exhibit A;

   e. any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto at Exhibit A;

   f. stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

   g. independent photocopying, graphic-production services, or other litigation-support services employed by the parties or their counsel to assist in this action, including computer-service personnel performing duties in relation to a computerized litigation system;

   h. the Court and its staff; and

      i.  any other person whom the Producing Person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

  2. Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 1(d) or 1(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto at Exhibit A, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

**D.** **Filing Confidential Materials in This Action**

  1. In filing materials containing Confidential information with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Information ("Confidential Court Submission"), the Parties shall seek to make such filings under seal in accordance with Rule 4 of the Court's Individual Rules and Practices for Civil Cases.

**E.** **Inadvertent Disclosure of Privileged Materials**

  1. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a Producing Person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

2. If a Producing Person makes a claim of inadvertent disclosure, all Receiving Persons shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification to counsel that all such information has been returned or destroyed.

3. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

4. If the Receiving Person objects to the claim of privilege, counsel for the Receiving Person may set aside one copy of the purportedly privileged materials in a secure place and manner that prevents the purportedly privileged information from being further disclosed or reviewed until the Receiving Person and Producing Person resolve the privilege claim or the Court issues a ruling on the privilege claim. Nothing in this paragraph shall increase or diminish the rights of a Party or non-Party to contest, or change the manner in which such Party or non-Party may contest, any privilege claim to the extent and in the manner permitted by law.

5. If a Receiving Person moves the Court for an order compelling production of the Inadvertently Disclosed Information, the moving party shall seek to file such motion under seal in accordance with Rule 4 of the Court's Individual Rules and Practices for Civil Cases and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

**F.     Termination of Litigation**

    1.     This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Discovery Material and all copies thereof shall be promptly returned to the Producing Person or destroyed.

        a.     Provided, however, counsel for Parties may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain designated Discovery Material. Any such archival copies that contain or constitute designated Discovery Material remain subject to this Order.

        b.     Provided further that no Party shall be required to specifically undertake to destroy electronically archived copies of such material made for backup purposes (whether such documents are in original form or not). Rather, it shall suffice that such archived backup copies are destroyed upon the normal expiration of backup files (and maintained in confidence in the interim).

    2.     During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED this 2nd day of September, 2021, by:

| | |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br><br>By: _____<br>Stephen R. Neuwirth<br>Marlo A. Pecora<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Tel: (212) 849-7000<br>Fax: (212) 849-7100<br>stephenneuwirth@quinnemanuel.com<br>marlopecora@quinnemanuel.com<br><br>Carolyn L. Hart (*pro hac vice*)<br>Kathleen A. Lanigan (*pro hac vice*)<br>1300 I Street, Suite 900<br>Washington, DC 20005<br>Tel: (202) 538-8000<br>Fax: (202) 538-8100<br>carolynhart@quinnemanuel.com<br>katlanigan@quinnemanuel.com<br><br>*Counsel for Plaintiff Frank Brunckhorst III* | **SCHULTE ROTH & ZABEL LLP**<br><br>By: _____<br>Michael E. Swartz<br>Taleah Esperanza Jennings<br>919 Third Avenue<br>New York, NY 10022<br>Tel: (212) 756-2000<br>Fax: (212) 558-3354<br>michael.swartz@srz.com<br>taleah.jennings@srz.com<br><br>*Counsel for Defendant Eric Bischoff* |

SO ORDERED:     Dated: September 8, 2021
                New York, New York

_____
Hon. John P. Cronan
United States District Judge

## **EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANK BRUNCKHORST III, individually and in his capacity as trustee of THE FRANK BRUNCKHORST III 2001 TRUST,<br><br>      Plaintiff,<br><br>  v.<br><br>ERIC BISCHOFF; SUSAN STRAVITZ KEMP, in her capacity as co-trustee of THE BARBARA BRUNCKHORST 1994 TRUST and executrix of THE ESTATE OF BARBARA BRUNCKHORST, AND RICHARD TODD STRAVITZ, in his capacity as co-trustee of THE BARBARA BRUNCKHORST 1994 TRUST, trustee of THE BARBARA BRUNCKHORST 2010 TRUST, and executor of THE ESTATE OF BARBARA BRUNCKHORST,<br><br>      Defendants.<br><br>ERIC BISCHOFF,<br><br>      Counterclaim-Plaintiff,<br><br>  v.<br><br>FRANK BRUNCKHORST III, individually and in his capacity as trustee of THE FRANK BRUNCKHORST III 2001 TRUST,<br><br>      Counterclaim-Defendant. | No. 21-CV-4362 (JPC)<br><br>**NON-DISCLOSURE AGREEMENT** |

ERIC BISCHOFF,

        Crossclaim-Plaintiff,

   v.

SUSAN STRAVITZ KEMP, in her capacity as co-trustee of THE BARBARA BRUNCKHORST 1994 TRUST and executrix of THE ESTATE OF BARBARA BRUNCKHORST, AND RICHARD TODD STRAVITZ, in his capacity as co-trustee of THE BARBARA BRUNCKHORST 1994 TRUST, trustee of THE BARBARA BRUNCKHORST 2010 TRUST, and executor of THE ESTATE OF BARBARA BRUNCKHORST,

        Crossclaim-Defendants.

        I, _____ [print name], acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential.  I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____        _____

                                                                                                         [Signature]