UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
:
FRANK BRUNCKHORST III, individually and in his :
capacity as trustee of THE FRANK BRUNCKHORST III :
2001 TRUST, :
: 21 Civ. 4362 (JPC)
Plaintiff, :
:
-v- : ORDER
:
ERIC BISCHOFF *et al.*, :
:
Defendants. :
:
------------------------------------------------------------------ X
:
ERIC BISCHOFF, :
:
Counterclaim-Plaintiff, :
:
-v- :
:
FRANK BRUNCKHORST III, individually and in his :
capacity as trustee of THE FRANK BRUNCKHORST III :
2001 TRUST, :
:
Counterclaim-Defendant. :
:
------------------------------------------------------------------ X
:
ERIC BISCHOFF, :
:
Crossclaim-Plaintiff, :
:
-v- :
:
SUSAN STRAVITZ KEMP, in her capacity as co-trustee :
of THE BARBARA BRUNCKHORST 1994 TRUST and :
executrix of THE ESTATE OF BARBARA :
BRUNCKHORST *et al.*, :
:
Crossclaim-Defendants. :
:
------------------------------------------------------------------ X

JOHN P. CRONAN, United States District Judge:

Defendant Eric Bischoff ("Bischoff") moves to compel Plaintiff Frank Brunckhorst III ("Brunckhorst") to produce documents and respond to interrogatory requests and for an extension of the deadline for fact discovery.  The Court grants both motions.  The Court assumes familiarity with the factual background of this case, and only briefly summarizes herein the relevant facts necessary to resolve the motions.

Bischoff moves to compel Brunckhorst to produce documents and answer interrogatories about his employment at Boar's Head Provisions Co., Inc. and its affiliates ("Boar's Head"), or to preclude him from testifying that the nature of his employment changed over time.  Dkt. 181 at 1.  Bischoff seeks materials dating back to 2003 related to Brunckhorst's employment status at Boar's Head.  *Id.*  Brunckhorst offered to produce the requested materials from January 1, 2020 onward, but Bischoff rejected this offer.  Dkt. 183 at 2.

Under Federal Rule of Civil Procedure 26(b)(1), a party may

> [O]btain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  Further, "[a]lthough not unlimited, relevance, for purposes of discovery, is an extremely broad concept." *Blagman v. Apple, Inc.*, No. 12 Civ. 5453 (ALC) (JCF), 2014 WL 1285496, at *4 (S.D.N.Y. Mar. 31, 2014) (internal quotation marks omitted) (quoting *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 561 (S.D.N.Y. 2013)).

The Court agrees with Bischoff that the materials and responses sought by Bischoff are relevant to the issue of whether Brunckhorst was an "Active Employee" in May 2021 under a Shareholder Agreement governing the transfer of the at-issue shares, which is an issue in dispute

in this case.  The Court further agrees with Bischoff that his requests are proportional to the needs of this case.  The motion to compel is therefore granted.

In light of the remaining matters for the parties to address in discovery, including the exchange of the materials discussed herein and the conduct of further depositions, the Court further finds good cause to extend the deadline for fact discovery to December 15, 2022.  All other discovery deadlines in this case are similarly extended by forty-five days.  The Clerk of Court is respectfully directed to close the motions pending at Docket Numbers 181, 184, and 187.

SO ORDERED.

Dated: October 12, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge