UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- X

FRANK BRUNCKHORST III, individually and in his capacity as trustee of THE FRANK BRUNCKHORST III 2001 TRUST,

                        Plaintiff,

    -v-

ERIC BISCHOFF *et al.*,

                        Defendants.

----------------------------------------------------------------- X

ERIC BISCHOFF,

                        Counterclaim-Plaintiff,

    -v-

FRANK BRUNCKHORST III, individually and in his capacity as trustee of THE FRANK BRUNCKHORST III 2001 TRUST,

                        Counterclaim-Defendant.

----------------------------------------------------------------- X

ERIC BISCHOFF,

                        Crossclaim-Plaintiff,

    -v-

SUSAN STRAVITZ KEMP, in her capacity as co-trustee of THE BARBARA BRUNCKHORST 1994 TRUST and executrix of THE ESTATE OF BARBARA BRUNCKHORST *et al.*,

                        Crossclaim-Defendants.

----------------------------------------------------------------- X

21 Civ. 4362 (JPC)

<u>ORDER</u>

JOHN P. CRONAN, United States District Judge:

Defendant Eric Bischoff ("Bischoff") seeks leave pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(i) to depose a total of twenty fact witnesses in this case. Dkt. 175 at 1. The Court assumes familiarity with the factual background of this case, and only briefly summarizes herein the relevant facts necessary to resolve Bischoff's motion.

Bischoff wishes to depose individuals that Plaintiff Frank Brunckhorst III ("Brunckhorst") or Crossclaim-Defendants Susan Stravitz Kemp and Richard Todd Stravitz (the "Trustees") have indicated possess relevant information. *Id*. Bischoff argues that he should be allowed to take more than ten depositions because 1) the amount in controversy in this case is large; 2) each of the proposed deponents possesses "relevant knowledge that is otherwise unobtainable" for him, but not for Brunckhorst; and 3) the depositions would not be unreasonably cumulative or duplicative. *Id.* at 2-3. Bischoff argues that these witnesses are accessible to Brunckhorst but not to him, and that he must depose them to adequately prepare for trial and avoid surprise. *Id.* at 3.

The Trustees oppose Bischoff's motion on the grounds that, without Bischoff having conducted his first ten depositions, it is not possible to assess whether the additional depositions would be unreasonably cumulative or duplicative. Dkt. 177 at 1-2. Brunckhorst similarly opposes Bischoff's motion, arguing that Bischoff has not shown that the additional depositions are necessary. Dkt. 178 at 2-3.

A party seeking to conduct more than ten depositions without stipulation with the opposing party must seek leave of the court. Fed. R. Civ. P. 30(a)(2)(A)(i). This requires the movant to "demonstrat[e] cause to exceed the ten deposition limit contemplated by the Federal Rules." *Ritchie Risk-Linked Strats. Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 368 (S.D.N.Y. 2010). When such leave is sought, the court "must limit the frequency or extent of discovery . . . if it determines that: (i) the discovery sought is unreasonably cumulative or

duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).  The court additionally considers whether "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action" and whether "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  *Galgano v. Cnty. of Putnam*, No. 16 Civ. 3572 (KMK) (PED), 2021 WL 2138759, at *1 (S.D.N.Y. May 26, 2021).  The ten deposition limit "enable[s] courts to maintain a tighter rein on the extent of discovery and to minimize the potential cost of [w]ide ranging discovery."  *Id.* (internal quotation marks omitted) (second alteration in original) (quoting *Sigala v. Spikouris*, No. 00 Civ. 983 (ILG), 2002 WL 721078, at *3 (E.D.N.Y. Mar. 7, 2002)).  Moreover, "[a]lthough a witness might have discoverable information, a party is not always entitled to depose that individual."  *Commodity Futures Trading Com'n v. Commodity Inv. Grp., Inc.*, No. 05 Civ. 5741 (HB), 2005 WL 3030816, at *1 (S.D.N.Y. Nov. 10, 2005).

Bischoff has not stated which witnesses he seeks to depose with his initial ten depositions and which he would depose only in the event he receives leave of this Court, nor has he indicated the relative importance of the depositions.[1]  See *Galgano*, 2021 WL 2138759, at *2 (denying motion for leave to take thirty depositions in its entirety where the movant "made no effort to rank or prioritize the depositions they seek to take").  Bischoff's argument largely cites Brunckhorst's and the Trustees's identification of more than ten relevant witnesses in their initial disclosures and interrogatories.  Yet no such bright line exception exists in the Federal Rules of Civil Procedure.

---

[1] Bischoff's list of proposed deponents is numbered, *see* Dkt. 175, Exh. A, but he has not indicated that this numbering reflects a ranking of importance.

Rather, as noted, even if "a witness might have discoverable information, a party is not always entitled to depose that individual." *Commodity Futures Trading Com'n*, 2005 WL 3030816, at *1.[2] The Court also cannot determine based on the information provided by Bischoff whether the requested additional depositions would be cumulative or duplicative, or whether they are likely to provide a benefit greater than their burden.  For that reason, Bischoff has failed to satisfy his burden and the Court denies his motion.

That is not to say that Bischoff may not be able to make that showing in the future, however. Bischoff may move the Court again for leave to take the additional depositions after he has taken at least seven depositions of fact witnesses, in the event that he can present more detailed reasons to support his need to take more than ten depositions and why those additional depositions would not be unreasonably cumulative or duplicative.  Prior to making that motion, the parties should meet and confer again to attempt to reach an agreement as to additional depositions.  Moreover, in the event Bischoff makes such a motion, he must rank the requested depositions and identify specific reasons why the anticipated deposition testimony would not be duplicative or cumulative of prior testimony or other information obtained during discovery.

In sum, because Bischoff has not adequately justified his need to take additional depositions, the Court denies his motion without prejudice.  After Bischoff has taken at least seven depositions, and after meeting and conferring with Brunckhorst and the Trustees, he may move

---

[2] Bischoff's concern that any of these witnesses may be used to "ambush" him at trial, Dkt. 175 at 3, is mitigated by the fact that he may seek leave to depose a witness once another party seeks to call the witness at trial, *see Tirado v. Shutt*, No. 13 Civ. 2848 (LTS) (AJP), 2015 WL 6866265, at *11 (S.D.N.Y. Nov. 9, 2015).

again to take additional depositions supported by the information identified above. The Clerk of Court is respectfully directed to close the motions pending at Docket Numbers 174 and 175.

SO ORDERED.

Dated: October 12, 2022
      New York, New York

_____
JOHN P. CRONAN
United States District Judge