```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
FRANK BRUNCKHORST III, individually and in his                    :
capacity as trustee of THE FRANK BRUNCKHORST III                  :
2001 TRUST,                                                       :
                                                                  :           21 Civ. 4362 (JPC)
                           Plaintiff,                             :
                                                                  :
             -v-                                                  :              ORDER
                                                                  :
ERIC BISCHOFF et al.,                                             :
                                                                  :
                           Defendants.                            :
                                                                  :
----------------------------------------------------------------- X
                                                                  :
ERIC BISCHOFF,                                                    :
                                                                  :
                   Counterclaim-Plaintiff,                        :
                                                                  :
             -v-                                                  :
                                                                  :
FRANK BRUNCKHORST III, individually and in his                    :
capacity as trustee of THE FRANK BRUNCKHORST III                  :
2001 TRUST,                                                       :
                                                                  :
                   Counterclaim-Defendant.                        :
                                                                  :
----------------------------------------------------------------- X
                                                                  :
ERIC BISCHOFF,                                                    :
                                                                  :
                   Crossclaim-Plaintiff,                          :
                                                                  :
             -v-                                                  :
                                                                  :
SUSAN STRAVITZ KEMP, in her capacity as co-trustee                :
of THE BARBARA BRUNCKHORST 1994 TRUST and                         :
executrix of THE ESTATE OF BARBARA                                :
BRUNCKHORST et al.,                                               :
                                                                  :
                   Crossclaim-Defendants.                         :
                                                                  :
----------------------------------------------------------------- X
```

JOHN P. CRONAN, United States District Judge:

Currently before the Court are three discovery-related motions in this case. First, Defendant Eric Bischoff ("Bischoff") moves to compel Plaintiff Frank Brunckhorst III ("Brunckhorst") to produce "a log of certain of his non-personal phone calls over a 14-month period to assist in determining whether he is a full-time employee of Boar's Head Provisions, Co., Inc." Dkt. 198 at 1. Second, Bischoff seeks a sixth extension of time to complete discovery to take additional depositions and to provide time to work through other discovery issues. Dkt. 200 at 1-2. Third, Brunckhorst seeks to compel a production of documents from third-party Schulte Roth & Zabel LLP, Bischoff's counsel in this action. Dkt. 205.

The Court grants Bischoff's motion to compel and for additional time to complete discovery. The Court directs the relevant parties to submit additional briefing as to Brunckhorst's motion to compel. The Court assumes familiarity with the factual background of this case for the purposes of this Order and only briefly summarizes herein the relevant facts necessary to resolve the motions.

## I. Bischoff's Motion to Compel

On or about September 1, 2022, Bischoff submitted a request to Brunckhorst for the production of "[d]ocuments sufficient to show the date, time, duration, and incoming and outgoing phone numbers, for all the phone calls made or received by [Brunckhorst] from January 1, 2017 to February 28, 2022." Dkt. 198 at 1, Exh. C at 4. Bischoff since agreed to narrow that request, and now seeks to compel only such records from January 1, 2021 to February 28, 2022 and for calls with individuals associated with (1) Boar's Head Provisions, Co., Inc. and its affiliates (collectively, "Boar's Head"), (2) Farbest Foods, (3) Carnegie Mellon University, and (4) New York Foundling Hospital. Dkt. 198 at 1-2. Bischoff argues that these records are relevant to whether Brunckhorst is a "full time employee of Boar's Head" as they would allow him to attack

2

Brunckhorst's contention that he "does his work principally over the phone and during at-home meetings that are scheduled by phone or email." *Id.* at 2. Bischoff further contends that phone records related to Farbest Foods, a supplier of turkey to Boar's Head, may support his argument that Brunckhorst is not an active employee of Boar's Head to the extent that the records reveal that Brunckhorst has devoted a majority of his business time to Farbest Foods. *Id.* at 2 n.2.[1]

Brunckhorst makes three arguments in response. First, he argues that his phone records are not probative of his employment status. Dkt. 209 at 1. Second, he argues that there already has been sufficient discovery related to his employment status, making the request unnecessarily cumulative. *Id.* at 2-3. Third, he argues that the requested discovery is overly burdensome because it will require review of each phone call he had during a fourteen-month period to identify calls that fall into any of the specified categories. *Id.* at 3.

> Under Federal Rule of Civil Procedure 26(b)(1), a party
>
> may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Further, "[a]lthough not unlimited, relevance, for purposes of discovery, is an extremely broad concept." *Blagman v. Apple, Inc.*, No. 12 Civ. 5453 (ALC) (JCF), 2014 WL 1285496, at *4 (S.D.N.Y. Mar. 31, 2014) (internal quotation marks omitted) (quoting *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 561 (S.D.N.Y. 2013)).

---

[1] Bischoff has contended that, at the time of the May 5, 2021 transfer of Boar's Head shares from a temporary trust to Brunckhorst personally, Brunckhorst was not an "Active Employee" within the meaning of the Shareholder's Agreement because he was not a "full time" employee who devoted "substantially all of his . . . business times to the affairs" of Boar's Head. *See, e.g.*, Dkt. 181 at 1.

3

In an October 12, 2022 Order resolving a prior discovery dispute, the Court determined that Brunckhorst's work activities are relevant to an issue in dispute in this case, namely whether Brunckhorst was an "Active Employee" under the Shareholder's Agreement at the time of the May 2021 transfer of shares.  *See* Dkt. 188 at 2-3 (granting Bischoff's motion to compel Brunckhorst to produce documents and answer interrogatories about his employment at Boar's Head).  The Court now further determines that the request at issue in this discovery dispute, as narrowed by Bischoff, is proportional to the needs of this case and is not unreasonably cumulative, duplicative, or overly burdensome.  Bischoff's motion to compel is therefore granted.

## II. Bischoff's Request to Extend Discovery

Bischoff additionally seeks a forty-five day extension of the discovery deadline to allow time for him to take up to three additional depositions, for Brunckhorst to respond to three requests for production of documents served by Bischoff on December 13, 2022 that are primarily follow-up requests to Brunckhorst's December 7, 2022 deposition, to resolve responses and objections to requests for production and requests for admission served by Bischoff on Brunckhorst and Defendants Susan Stravitz Kemp and Richard Todd Stravitz (the "Trustees") on November 14, 2022, and to address a potential motion to compel involving a document subpoena served on Boar's Head.  Dkt. 200 at 1-2.  The Trustees oppose an extension entirely.  Dkt. 207.  Brunckhorst consents to an extension only for the purpose of allowing limited discovery prompted by recently conducted depositions.  Dkt. 208.

Under Federal Rule of Civil Procedure 16, "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "Rule 16 does not set forth a definition of 'good cause.'"  *Rubik's Brand Ltd. v. Flambeau, Inc.*, 329 F.R.D. 55, 58 (S.D.N.Y. 2019).  But "a finding of 'good cause' depends on the diligence of the moving party."  *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *see Liverpool v. City of New York*,

4

No. 18 Civ. 1354 (PAE) (BCM), 2020 WL 3057466, at *2 (S.D.N.Y. June 9, 2020) ("The party must show that, despite its having exercised diligence, the applicable deadline set in the court's scheduling order could not reasonably have been met." (quoting *Sokol Holdings, Inc. v. BMB Munai, Inc.*, No. 05 Civ. 3749 (KMW), 2009 WL 3467756, at *2 (S.D.N.Y. Oct. 28, 2009))).

The Court finds good cause to extend fact discovery until January 30, 2023 for the limited purposes identified by Bischoff. The new deadline for expert discovery shall be May 17, 2023. First, based on information provided by Bischoff in his request for a discovery extension, the Court grants him leave to take the depositions of Vahan Ayvazian and, if necessary, of Susan Stravitz Kemp and David Atschiller.[2] Second, the parties may complete discovery in connection to the three requests for production of documents that Bischoff served on December 13, 2022. Given that Brunckhorst's deposition was conducted near the close of discovery, diligent counsel would have been unable to serve follow-up requests with adequate time for a response under the current schedule. Third, the parties may conduct any further discussions necessary to resolve responses and objections to the requests for production and admission served on Brunckhorst and the Trustees on November 14, 2022. *See* Dkt. 200 at 2. Finally, Bischoff may file a motion to compel

---

[2] Pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(i), a party seeking to conduct more than ten depositions without stipulation of the opposing party must obtain leave of court to do so. On October 12, 2022, the Court denied without prejudice Bischoff's request to take additional depositions and directed that, after Bischoff has taken seven depositions in total and has met and conferred with Brunckhorst and the Trustees, he may seek leave to take depositions beyond the normal limit of ten. Dkt. 189 at 4-5. In his application for a discovery extension, Bischoff reports that he has taken ten depositions thus far, and explains that "the parties have been diligently working to reach a resolution to obviate the need for more depositions through stipulations and have reached an agreement that substantially reduced the number of necessary depositions." Dkt. 200 at 1. As a result, Bischoff seeks to conduct depositions of Kemp (one of the Trustees), Ayvazian, and Atschiller. *Id.* Bischoff further reports that he is engaged in ongoing discussions with counsel for those parties, and expects that depositions of Kemp and Atschiller ultimately may not be necessary if acceptable declarations are provided from those individuals. *Id.* Accordingly, the Court grants Bischoff leave to conduct a deposition of Ayvazian and, in the event an agreement on declarations cannot be reached, of Kemp and Atschiller. Bischoff is directed to continue to meet and confer in good faith with counsel for Kemp and Atschiller to attempt to obviate the need for depositions of those individuals.

5

related to document requests prompted by a Federal Rule of Civil Procedure 30(b)(6) deposition of Boar's Head if such a motion is necessary after good faith efforts to resolve the matter. The Court is satisfied that Bischoff has acted diligently in pursuing these matters under the previously set discovery schedule.

Accordingly, fact discovery is extended until January 30, 2023, and expert discovery is extended until May 17, 2023. To the extent there is a further request to extend fact discovery, the application must be made no fewer than ten days prior to the deadline.

### III. Brunckhorst's Motion to Compel

Brunckhorst moves to compel third-party, and Bischoff's litigation counsel, Schulte Roth & Zabel LLP to respond to a November 2, 2022 subpoena. Dkt. 205 at 1. The Court requires additional briefing on this issue. Brunckhorst shall file an opening brief not to exceed ten pages by January 6, 2023. Bischoff shall file a response not to exceed ten pages by January 16, 2023. Brunckhorst shall file any reply not to exceed five pages by January 23, 2023. Brunckhorst's lead brief should indicate any additional limitations on the subpoena agreed to by the parties since his initial motion. If the Court grants the motion, it will extend fact discovery exclusively for the purpose of completing any required production.

### IV. Conclusion

The Court grants Bischoff's motion to compel and grants the request for an extension of the fact discovery deadline to January 30, 2023 for the limited purposes discussed herein. The deadline for expert discovery is similarly extended to May 17, 2023. The parties shall submit additional briefing as to Brunckhorst's motion to compel pursuant to the deadlines set herein.

      The Clerk of Court is respectfully directed to close the motions pending at Docket Numbers 198, 199, 200, and 211.

      SO ORDERED.

Dated: December 28, 2022                            _____
       New York, New York                               JOHN P. CRONAN
                                                         United States District Judge