UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\- X
                                                                                  :
FRANK BRUNCKHORST III, individually and in his          :
capacity as trustee of THE FRANK BRUNCKHORST III   :
2001 TRUST,                                                          :
                                                                                  :                21 Civ. 4362 (JPC)
                                            Plaintiff,                      :
                                                                                  :
                    -v-                                                       :                ORDER
                                                                                  :
ERIC BISCHOFF et al.,                                              :
                                                                                  :
                                            Defendants.                 :
                                                                                  :
\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\- X
                                                                                  :
ERIC BISCHOFF,                                                     :
                                                                                  :
                                Counterclaim-Plaintiff,          :
                                                                                  :
                    -v-                                                       :
                                                                                  :
FRANK BRUNCKHORST III, individually and in his          :
capacity as trustee of THE FRANK BRUNCKHORST III   :
2001 TRUST,                                                          :
                                                                                  :
                                Counterclaim-Defendant.      :
                                                                                  :
\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\- X
                                                                                  :
ERIC BISCHOFF,                                                     :
                                                                                  :
                                Crossclaim-Plaintiff,           :
                                                                                  :
                    -v-                                                       :
                                                                                  :
SUSAN STRAVITZ KEMP, in her capacity as co-trustee  :
of THE BARBARA BRUNCKHORST 1994 TRUST and   :
executrix of THE ESTATE OF BARBARA                     :
BRUNCKHORST et al.,                                            :
                                                                                  :
                                Crossclaim-Defendants.        :
                                                                                  :
\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\- X

JOHN P. CRONAN, United States District Judge:

On January 25, 2023, Defendant Eric Bischoff filed a motion to quash a third-party subpoena issued to non-party Dennis E. King.  Dkt. 221.  On January 30, 2023, Plaintiff Frank Brunckhorst III publicly filed a letter motion to seal in their entirety his opposition to Bischoff's motion to quash, which includes a letter brief and a declaration with exhibits (the "Opposition"), Dkts. 224, 225, and a supplemental letter in support of the motion to seal (the "Supplemental Letter"), Dkt. 223.  *See* Dkt. 222.  Because the Court does not determine that sealing the entirety of these documents would be sufficiently narrowly tailored to overcome the presumption of public access to judicial documents, the Court denies the motion to seal without prejudice to Brunckhorst moving to file redacted versions of the materials.

Under "the First Amendment and the common law," the public has a "presumption of access to judicial records."  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (quotations omitted).  "A judicial document or judicial record is a filed item that is relevant to the performance of the judicial function and useful in the judicial process." *Id*. at 139 (internal quotation marks omitted).  The public has a presumption of access to these documents "so that the federal courts have a measure of accountability and so that the public may have confidence in the administration of justice."  *Id*. (internal quotation marks omitted).  Thus, in reviewing motions to keep a case or documents under seal, courts "must carefully and skeptically review [the] request[] to insure that there really is an extraordinary circumstance or compelling need" to seal the documents.  *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

In reviewing sealing requests, courts "engage[] in a three-step inquiry."  *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020).  "First, the court determines whether the record at issue is a judicial document . . .  to which the presumption of public access attaches."  *Id*. (internal quotation marks

omitted).  If the document counts as a judicial document, the court then "determine[s] the weight of the presumption of access to that document."  *Id*. (internal quotation marks omitted).  Lastly, "the court must identify all of the factors that legitimately counsel against disclosure of the judicial document[] and balance those factors against the weight properly accorded the presumption of access."  *Id*.

At the first step, Brunckhorst's Opposition and Supplemental Letter are judicial documents because they are relevant to the performance of the judicial function.  As to the Opposition, "[d]ocuments submitted to the Court's consideration in relation to a motion to compel discovery are judicial documents."  *Signify Holding B.V. v. TP-Link Research Am. Corp.*, No. 21 Civ. 9472 (JGK) (KHP), 2022 WL 3704002, at *1 (S.D.N.Y. Aug. 26, 2022).  Because the Court will review Brunckhorst's filings in connection with resolving the motion to quash, the filings are relevant to the performance of the Court's judicial function.  And with respect to the Supplemental Letter, courts in this Circuit typically "treat a motion to seal as a judicial document that is entitled to a strong presumption of public access."  *Doe v. City of N.Y.*, No. 22 Civ. 7910 (LTS), 2022 WL 15153410, at *4 (S.D.N.Y. Oct. 26, 2022) (collecting cases).

At the second step for the Opposition, "the presumption of public access in filings submitted in connection with discovery disputes or motions *in limine* is somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions."  *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).  As stated, the Supplemental Letter is entitled to a strong presumption of public access.

Finally, at the third step, Brunckhorst argues that the Opposition and Supplemental Letter contain information which, if revealed, could be damaging both to business reputation and to personal privacy interests.  Supplemental Letter at 2.  While Brunckhorst is correct that courts have

regularly recognized that protecting businesses from harm by preventing "disclosure of sensitive information" is a basis to allow documents to be filed under seal, that "sensitive information" generally consists of business strategy, financial materials or other commercially sensitive information in the possession of the business itself, not information regarding the reputation of a third-party. *See, e.g., Jackpocket Inc. v. Lottomatrix NY LLC*, No. 22 Civ. 5772 (LJL), 2022 WL 17738779, at *2 (S.D.N.Y. Dec. 15, 2022) ("Courts seal confidential business, financial and marketing information under certain situations" in particular where the information is "still . . . relevant to the business.").

As for the personal privacy interests, the Court agrees that, given the at-issue information, the revelation of that information could be damaging. However, having reviewed the Opposition and the Supplemental Letter that Brunckhorst seeks to seal, the Court does not determine that the request to seal the entirety of these materials is "narrowly tailored to protect privacy interests," *Rekor Sys., Inc. v. Loughlin*, No. 19 Civ. 7767 (LJL), 2022 WL 3020148, at *17 (S.D.N.Y. July 29, 2022), such that these interests can overcome even the reduced presumption in favor of access to materials related to discovery disputes. It should be possible for Brunckhorst to file the Opposition and Supplemental Letter with redactions that address the privacy and business interests. Given Brunckhorst's request that he be given the opportunity to determine whether to withdraw his supplemental letter brief and Opposition, Brunckhorst shall, by February 7, 2023, either withdraw those materials, file redacted versions with a new motion to seal, or inform the Court of his decision to file the materials publicly. Should Brunckhorst elect to proceed publicly, Bischoff may file any motion to seal by February 10, 2023.

SO ORDERED.

Dated:  January 31, 2023
        New York, New York

                                                                                         JOHN P. CRONAN
                                                                United States District Judge