UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
FRANK BRUNCKHORST III, individually and in his :
capacity as trustee of THE FRANK BRUNCKHORST III :
2001 TRUST, :
: 21 Civ. 4362 (JPC)
Plaintiff, :
:
-v- : ORDER
:
ERIC BISCHOFF *et al.*, :
:
Defendants. :
:
------------------------------------------------------------------X
:
ERIC BISCHOFF, :
:
Counterclaim-Plaintiff, :
:
-v- :
:
FRANK BRUNCKHORST III, individually and in his :
capacity as trustee of THE FRANK BRUNCKHORST III :
2001 TRUST *et al.*, :
:
Counterclaim-Defendant. :
:
------------------------------------------------------------------X
:
ERIC BISCHOFF, :
:
Crossclaim-Plaintiff, :
:
-v- :
:
SUSAN STRAVITZ KEMP, in her capacity as co-trustee :
of THE BARBARA BRUNCKHORST 1994 TRUST and :
executrix of THE ESTATE OF BARBARA :
BRUNCKHORST *et al.*, :
:
Crossclaim-Defendants. :
:
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

The Court is in receipt of the parties' joint letter requesting guidance in advance of the oral argument scheduled for July 23, 2024. Dkt. 447. The Court intends to set aside 90 minutes for oral argument. Frank Brunckhorst ("Frank"), Susan Stravitz Kemp, and Richard Todd Stravitz (the latter two referred to collectively as the "Trustees") will be allotted a combined 45 minutes for argument; Eric Bischoff ("Eric") will be allotted the same amount of time. The Court does not anticipate focusing on Eric's motion to exclude expert opinions but will entertain any argument the parties have thereon.

In addition to oral argument, the Court finds that supplemental briefing is needed on the following issues:

1. Should the Court disregard portions of the declaration of Robert S. Martin ("RSM"), Dkt. 273, under the sham issue of fact doctrine, given the discrepancies Eric identifies between the declaration and RSM's prior deposition testimony?

2. Assuming solely for purposes of the argument that (a) Eric has the better interpretation of Barbara Brunckhorst's ("Barbara") status under paragraph 5(b) of the Shareholder's Agreement and (b) no genuine dispute of material fact remains as to the shares associated with Barbara, should the Court decline to exercise its discretionary jurisdiction over Eric's first counterclaim seeking declaratory judgment on the grounds that it is duplicative of his second counterclaim for breach of contract?

3. Should the Court decline to exercise its discretionary jurisdiction over Eric's third counterclaim seeking declaratory judgment under the factors articulated by the Second Circuit in *Admiral Insurance Co. v. Niagara Transformer Corp.*, 57 F.4th 85 (2d Cir. 2023)?

4. If the Court were to decline to exercise its jurisdiction over any of Eric's or Frank's requests for declaratory judgment, would doing so amount to a grant of summary judgment in favor of the party opposing the declaration or result in another procedural posture?

The parties shall submit briefing addressing these issues by July 18, 2024 at 5:00 p.m. Frank and the Trustees are allocated a combined total of ten pages for their briefs; Eric is allocated the same number of pages.

SO ORDERED.

Dated: July 9, 2024
New York, New York

_____
JOHN P. CRONAN
United States District Judge