UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
FRANK BRUNCKHORST III, individually and in his :
capacity as trustee of THE FRANK BRUNCKHORST III :
2001 TRUST, :
: 21 Civ. 4362 (JPC)
Plaintiff, :
:
-v- : ORDER
:
ERIC BISCHOFF *et al.*, :
:
Defendants. :
:
-----------------------------------------------------------------------X
:
ERIC BISCHOFF, :
:
Counterclaim-Plaintiff, :
:
-v- :
:
FRANK BRUNCKHORST III, individually and in his :
capacity as trustee of THE FRANK BRUNCKHORST III :
2001 TRUST, :
:
Counterclaim-Defendant. :
:
-----------------------------------------------------------------------X
:
ERIC BISCHOFF, :
:
Counterclaim-Plaintiff, :
:
-v- :
:
SUSAN STRAVITZ KEMP, in her capacity as co-trustee :
of THE BARBARA BRUNCKHORST 1994 TRUST and :
executrix of THE ESTATE OF BARBARA :
BRUNCKHORST *et al.*, :
:
Crossclaim-Defendants. :
:
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On August 29, 2024, the Court issued an Opinion and Order on the parties' motions for summary judgment. Dkt. 467 ("Opinion"). The Court filed the Opinion under seal, and afforded the parties until September 5, 2024 to request any proposed redactions. *Id.* at 54. The Court further advised the parties that it would rule on the remaining sealing requests by separate order, and directed them to file a table with all remaining sealing requests, also by September 5, 2024. *Id.* The Court subsequently granted the parties' request to extend this deadline to September 9, 2024, Dkt. 469, and the parties filed their responses on that day, Dkts. 474-476. Having reviewed the requests for sealing and redactions submitted by Plaintiff and Counterclaim-Defendant Frank Brunckhorst III ("Frank"); Defendants and Crossclaim-Defendants Susan Stravitz Kemp and Richard Todd Stravitz (the "Trustees"); interested party Robert S. Martin ("RSM"); and interested party Farbest Foods, Inc. ("Farbest"), as well as the response submitted by Defendant, Counterclaim-Plaintiff, and Crossclaim-Plaintiff Eric Bischoff, Dkt. 477, the Court grants the requests in part and denies them in part for reasons that follow.

**I. Applicable Sealing Standards**

The question of whether the public must be allowed access to a court filing implicates both the common law and the First Amendment. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006). The common law right applies to "judicial documents" and whether a document qualifies as a judicial document turns on whether the item is "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo* ("*Amodeo I*"), 44 F.3d 141, 145 (2d Cir. 1995). The documents at issue in the requests plainly are judicial documents, as they were submitted for the Court's consideration in resolving the parties' summary judgment motions. *See DDK Hotels, LLC v. Williams-Sonoma, Inc.*, No. 19 Civ. 226

2

(ILG), 2022 WL 2702378, at *17 (E.D.N.Y. Feb. 11, 2022) ("[S]ummary judgment motions and related supporting documents . . . are judicial documents because they directly affect adjudication or determine substantive rights."). But even judicial documents fall on a continuum ranging "from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance," and thus are not all afforded the same weight when considering the common law right to public access. *United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1049 (2d Cir. 1995).

Under the First Amendment, whether the presumption of public access attaches turns on whether the document bears a close connection to a public judicial proceeding. *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 93 (2d Cir. 2004) (explaining that the Second Circuit has "deem[ed] that the right to inspect documents derives from the public nature of particular tribunals"). The Second Circuit has articulated two approaches to assess whether this constitutional right of access applies. *Lugosch*, 435 F.3d at 120. Under the first approach, a court inquires "whether the documents 'have historically been open to the press and general public' and whether 'public access plays a significant positive role in the functioning of the particular process in question.'" *Id.* (quoting *Press-Enter. Co. v. Superior Court*, 478 U.S. 1, 8 (1986)). Pursuant to the second approach, a court "considers the extent to which the judicial documents are derived from or [are] a necessary corollary of the capacity to attend the relevant proceedings." *Id.* (internal quotation marks omitted) (alteration in original). The Second Circuit has held that "the First Amendment right applies, among other things, to summary judgment motions and documents relied upon in adjudicating them." *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 164 (2d Cir 2013).

"Notwithstanding the presumption of access under both the common law and the First Amendment . . . documents may be kept under seal if 'countervailing factors' in the common law

framework or 'higher values' in the First Amendment framework so demand." *Lugosch*, 435 F.3d at 124. The common law countervailing factors include "the privacy interests of those resisting disclosure." *Id.* at 120 (internal quotation marks omitted). In assessing such privacy interests, "courts should first consider the degree to which the subject matter is traditionally considered private rather than public." *Amodeo II*, 71 F.3d at 1051. Under the First Amendment, a court may conclude that higher values require a document to be redacted only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailed to serve that interest." *Lugosch*, 435 F.3d at 120 (internal quotation marks omitted). "Because of these differences between the common law right and the First Amendment right, it is necessary to keep the two standards conceptually distinct when analyzing a particular . . . document." *Newsday*, 730 F.3d at 165.

## II. The Court's Approach

Mindful of these governing principles, the Court has thoroughly considered each specific sealing request and proposed redaction. Given the volume of sealing and redaction requests made in this case, the Court explains below its general approach to resolving the outstanding requests. Broadly speaking, the requests and the Court's attendant public access analysis fall into four categories.

### A.   Private Information

The first category of materials consists of documents that contain a heightened privacy interest of the concerned party, such as medical information, tax information, and personal contact information. A strong First Amendment interest does not attach to these sort of documents. There is neither a history of public access to such records nor are they necessarily a corollary of the capacity to attend court proceedings. *Lugosch*, 435 F.3d at 120. Additionally, while these filings

do qualify as judicial documents to the extent that they were submitted in connection with the summary judgment motions, strong countervailing privacy interests are at play. *Id.* Indeed, these materials are "traditionally considered private rather than public." *Amodeo II*, 71 F.3d at 1051.

Given this information's lack of relevance to the Court's resolution of the parties' summary judgment motions and the strong privacy interests implicated, the Court finds that competing factors overcome the presumption of public access and that the parties' requests are narrowly tailored to serve these interests. The Court therefore grants the motions to seal or redact materials in this first category. *Cf., e.g.*, *McGuirk v. Swiss Re Fin. Servs. Corp.*, No. 14 Civ. 9516 (CM), 2015 WL 13661685, at *1 (S.D.N.Y. Mar. 30, 2015) ("Medical information is among the types of information often made subject to a sealing order."); *S.E.C. v. Ripple Labs, Inc.*, No. 20 Civ. 10832 (AT), 2023 WL 3477552, at *7 (S.D.N.Y. May 16, 2023) ("[P]ersonal and financial information implicates privacy interests that overcome the presumption of public access."); *Cohen v. Gerson Lehrman Grp., Inc.*, No. 09 Civ. 4352 (PKC), 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (approving redaction of "individual contact information, such as e-mail addresses, home addresses and phone numbers" as "[s]uch information is not at issue in this dispute and the individuals have a countervailing privacy interest in their non-disclosure").

**B.   Sensitive Business Information**

The second category of filings is best described as sensitive business information. This category consists of business records and other documents containing information that reflects the operations of the parties' closely held business, Boar's Head Provisions Company, Inc. ("Boar's Head"), as well as an interested party, Farbest. These documents contain business strategy information, confidential financial documents, pricing figures, and other items of a sensitive nature to business competition. While this case concerns the question of ownership of Boar's Head

shares, the Court had no need to delve into such sensitive business matters in resolving the issues on summary judgment.  Thus, the records in this second category are not tied to the disposition of this matter and therefore do not trigger a strong presumption in favor of access.  Additionally, "in certain circumstances, business data . . . may remain under seal even where the First Amendment is implicated."  *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, Nos. 14 Md. 2542 (VSB), 14 Misc. 2542 (VSB), 2023 WL 196134, at *6 (S.D.N.Y. Jan. 17, 2023).

There is an obvious reason for that.  If publicly revealed, sensitive business information could undercut a business's competitive advantage.  Thus, courts routinely find that business secrecy interests outweigh the presumption of public access in such a context.  *See In re Parmalat Secs. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'" (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978))); *Valassis Commc'ns, Inc. v. News Corp.*, No. 17 Civ. 7378 (PKC), 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) (finding "that the presumption of public access is outweighed by [the plaintiff's] business secrecy interest"); *In re Digit. Music Antitrust Litig.*, 321 F.R.D. 64, 81 n.1 (S.D.N.Y. 2017) (concluding that "internal pricing strategies and competitive pricing data" are "sufficiently sensitive to warrant redaction").  As these competing interests outweigh the right to public access of this information in this case and the parties' requests were narrowly tailored to serve those interests, the Court grants the requests to seal or redact sensitive business information falling into this second category.

C.   **Estate Planning Information**

The third category of information sought to be protected includes various estate planning instruments such as wills and a variety of trust documents.  Given the private information often

contained in such estate planning documents, courts sometimes seal such materials. *See Bredehorn v. Young*, No. 19 Civ. 1010 (SJF) (AKT), 2020 WL 2042391, at *2 (E.D.N.Y. Apr. 28, 2020) (approving the redaction of "tax returns; wills and codicils; trusts; transfer tax returns; powers of attorney"). The analysis here, however, is complicated by the fact that the status of various trust entities is highly relevant to the disposition of the parties' dispute over ownership of Boar's Head shares.

In the end, the Court concludes that most of the documents that fall into this third category should be sealed or redacted for two reasons. First, some of the documents included amendments to or prior versions of the Barbara Brunckhorst 1994 Trust. In the Opinion, the Court relied on the October 29, 2020 Amendment and Restatement of the Barbara Brunckhorst 1994 Trust Agreement, Dkt. 278-19, to resolve the parties' summary judgment motions. *See* Opinion at 14-15. That document too has initially been filed under seal. As detailed below, because the Court's consideration of the October 19, 2020 Amendment and Restatement of the Barbara Brunckhorst 1994 Trust Agreement was central to its decision on summary judgment, the Court will unseal that document after affording the parties an opportunity to propose redactions. Other than that document, however, the Court did not centrally rely on other amendments or prior versions of the Barbara Brunckhorst 1994 Trust in deciding summary judgment, and the Court approves the sealing of those documents. *See Beach v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 17 Civ. 563 (JMF), 2019 WL 2428631, at *10 (S.D.N.Y. June 11, 2019) (approving the sealing of documents where the documents "are used in support only of [uncontested] arguments" and the Court did not "need to address the arguments, or rely on the documents offered in support of them, in resolving the [pending] motion").

Second, most of the other documents that fall within this category were too tangentially related to the parties' dispute to have impacted the Court's summary judgment Opinion. This includes the instruments of some family members not implicated in the dispute and not central to the parties' briefing, the terms of confidential settlement agreements not pertinent to the Court's analysis, and some details like trust beneficiaries that were irrelevant to the Court's summary judgment decision. *See Amodeo II*, 71 F.3d at 1051 (explaining that materials concerning "family affairs . . . will weigh more heavily against access than conduct affecting a substantial portion of the public"). Given the lack of relevance and the privacy interests implicated, the Court finds that competing interests overcome the presumption of public access and that the parties' requests are narrowly tailored to serve those interests. Here too, public access to these materials neither implicates the "positive role in the functioning of the particular process[es]" employed to resolve this case, nor is it "a necessary corollary of the capacity to attend the relevant proceedings." *Lugosch*, 435 F.3d at 120.

For the same reasons, the Court also approves in part and rejects in part the proposed redactions to its Opinion to the extent language therein falls into this third category.

**D.     Information Pertaining to the RSM 1988 Trust and Information Otherwise Important to the Court's Opinion**

The final category consists of various information and documents for which sealing has been requested, but which were central to the Court's resolution of the summary judgment motions.[1]  For these materials, the requests for complete sealing or redaction are denied. Notwithstanding the analysis above, these materials contained information that the Court deemed important to considering the parties' positions and resolving their summary judgment motions.

---

[1] This includes information which may overlap with the estate planning information category discussed above.

*See Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) ("An adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny."). This approach likewise extends to some of the proposed redactions to the Opinion, particularly where the proposed reaction would interfere with a reader's ability to understand the Court's analysis and ruling.

The bulk of materials falling into this category come from interested party RSM's requests. RSM has made a substantial number of requests to seal or redact information pertaining to the Robert S. Martin 1988 Trust ("RSM 1988 Trust") and that Trust's revocability. The Court is not unsympathetic to RSM's position, as he is not a party to this litigation. "[T]he privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure . . . should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted." *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). The Court also appreciates that RSM has consistently taken the position that such information should be protected from public disclosure.

Nonetheless, information concerning the RSM 1988 Trust, and in particular that Trust's purported revocability, was central to the summary judgment motions. This was, in fact, Frank's lead argument in favor of his interpretation of the Boar's Head Shareholder's Agreement ("Shareholder's Agreement"). Indeed, in his efforts to establish that the RSM 1988 Trust was a revocable one, Frank submitted a declaration from RSM on this very issue. *See* Dkt. 273. Although RSM has some degree of privacy interest in this material, the facts that he had a trust at the time of the Shareholder's Agreement, that the trust held Boar's Head shares, and that that the trust was revocable at the time are not so sensitive as to overcome the public's First Amendment interest in the materials, given the centrality of that information to the summary judgment

9

adjudication.  *See Joy*, 692 F.2d at 893.  And while the Court has carefully considered RSM's proposed redactions,[2] it must "evaluate the relevance of the document's specific contents to the nature of the proceeding and the degree to which access to the document would materially assist the public in understanding the issues before the court, and in evaluating the fairness and integrity of the court's proceedings."  *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (internal quotation marks omitted and alterations adopted).  The materials which RSM seeks to protect "directly affect an adjudication" and are central to "the exercise of Article III judicial power," and no countervailing factors or higher values overcome the strong First Amendment interest in these materials.  *Amodeo II*, 71 F.3d at 1049.  The Court therefore denies RSM's requests.[3]

In arriving at this result, the Court is mindful that other materials which were initially sealed at the time of their filings were integral to the Court's summary judgment adjudication.  Having now rendered that summary judgment decision, and with the benefit of appreciating which documents were central to that decision, the First Amendment and common law analysis weighs in favor of public access to certain previously sealed materials.  Those documents are the October 29, 2020 Amendment and Restatement of the Barbara Brunckhorst 1994 Trust Agreement, Dkt. 278-19, the December 24, 2010 Amendment of the Barbara Brunckhorst 2010 Trust Agreement, Dkt. 277-46, and the Declaration of Robert S. Martin, Dkt. 273.  As noted below, prior to unsealing

---

[2] Some of RSM's proposed redactions pertain to whether his revocable trust contained a testamentary power of appointment.  The Court declined to adopt these proposed redactions because Frank specifically referenced the testamentary power of appointment in his summary judgment briefing to support his proffered reading of the Shareholder's Agreement, and the Court's Opinion accordingly analyzed that argument.  *See* Opinion at 35.

[3] As explained next, that the Court initially granted RSM's previous requests to seal similar material in connection with the parties' summary judgment briefing does not affect the Court's analysis at this juncture given the Court's present knowledge of the material's relevance to the summary judgment ruling.

these documents, the Court will allow the parties and RSM to propose redactions consistent with their use in the Opinion and with the Court's analysis and rulings in this Order.

### III.  Rulings

After considering the parties' requests under the principles set forth in *Lugosch* and its progeny, and having employed the analysis laid out above, the Court grants the sealing motions in part and denies these motions in part.  The following documents shall remain under seal or publicly filed with redactions, as set forth herein:

- Docket Number 309:  The Court approves RSM's proposed redactions of Statement No. 26 and Statement No. 27 on page 18, Statement No. 62 and the accompanying Response on page 32, and Statement No. 63 on page 33.

- Docket Number 311-2:  The Court approves RSM's proposed redactions contained at 68:21-69:10, 109:17-19, 110:16-20, 111:8-11, 117:1-5, and 135:24-136:5.

- Docket Number 311-4:  The Court approves RSM's proposed redaction.

- Docket Number 311-20:  The Court approves the Trustees' request to seal this document in full.

- Docket Number 311-21:  The Court approves the Trustees' request to seal this document in full.

- Docket Number 311-32:  The Court approves all of RSM's proposed redactions.

- Docket Number 311-33:  The Court approves the Trustees' request to seal this document in full.

- Docket Number 311-34:  The Court approves the Trustees' request to seal this document in full.

- Docket Number 311-35:  The Court approves the Trustees' request to seal this document in full.

- Docket Number 312:  The Court approves RSM's proposed redactions contained on page 53 n.38.

- Docket Number 338-1:  The Court approves RSM's request to seal this document in full.

- Docket Number 341-4:  The Court approves RSM's request to seal this document in full.

- Docket Number 411:  The Court approves Frank's proposed redactions contained on pages 2, 3, 4, 34, and 37.

- Docket Number 414-1:  The Court approves all of Frank's proposed redactions.

- Docket Number 414-3:  The Court approves all of RSM's proposed redactions.

- Docket Number 414-14:  The Court approves the Trustees' request to seal this document in full.

- Docket Number 414-15:  The Court approves the Trustees' request to seal this document in full.

- Docket Number 414-16:  The Court approves the Trustees' request to seal this document in full.

- Docket Number 414-17:  The Court approves the Trustees' request to seal this document in full.

- Docket Number 414-18:  The Court approves the Trustees' request to seal this document in full.

- Docket Number 414-21:  The Court approves all of Frank's proposed redactions.

- Docket Number 414-22:  The Court approves all of Frank's proposed redactions.

- Docket Number 414-23:  The Court approves all of Frank's proposed redactions.

- Docket Number 414-24:  The Court approves all of Frank's proposed redactions.

- Docket Number 414-25:  The Court approves all of Frank's proposed redaction.

- Docket Number 415:  The Court approves the proposed redactions contained on pages 22, 23, 24, 29, 30, 44, 70, and 91.

- Docket Number 419:  The Court approves the proposed redactions contained on page 14 and footnote 17 on page 14.

- Docket Number 420:  The Court approves the proposed redactions contained on pages 6, 7, 8, and 9.

- Docket Number 421-1:  The Court approves all of Frank's proposed redactions.

- Docket Number 421-2:  The Court approves all of Frank's proposed redactions.

- Docket Number 421-3:  The Court approves all of RSM's proposed redactions.

- Docket Number 421-8:  The Court approves all of the redactions proposed by Frank and Farbest.

- Docket Number 422-1:  The Court approves all of Frank's proposed redactions.

- Docket Number 435-3:  The Court approves RSM's proposed redaction on page 3 only insofar as the redaction is limited to the sentence beginning on the second line of the page.

- Docket Number 467:  The Court approves the parties' proposed redactions to the Court's Opinion on pages 12, 37, 38, 39, 40, 41, and 47.  The Court also approves the third redaction in footnote 9 on page 24 only insofar as the redaction is limited to the final word of the proposed redaction; the Court will also *sua sponte* redact the word following that

word, for consistency with the parties' proposal on page 12. The Court will file a public copy of the Opinion with these redactions and the prior copy of the Opinion, Dkt. 467, shall remain under seal.

Unless specifically identified above, the requests to seal a document or redact a document are denied. Within a week of the issuance of this Order, the parties are directed to re-file all documents subject to pending sealing requests in line with the Court's rulings set forth in this Order. The Clerk of Court is respectfully directed to close Docket Numbers 316, 326, 353, 354, 355, 373, 374, 378, 387, 388, 395, 403, 410, 429, 439, 457, 474, and 475.

The Court also intends to unseal the three documents mentioned at *supra* I.D, as they were central to the Court's adjudication of the parties' summary judgment motions. These materials are the October 29, 2020 Amendment and Restatement of the Barabara Brunckhorst 1994 Trust Agreement, Dkt. 278-19, the December 24, 2010 Amendment to the Barbara 2010 Trust Agreement, Dkt. 277-46, and the Declaration of Robert S. Martin, Dkt. 273. Within a week of the issuance of this Order, the parties and RSM should propose redactions, if any, to these materials consistent with this Order.

SO ORDERED.

Dated: September 24, 2024
       New York, New York

_____
JOHN P. CRONAN
United States District Judge