UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
FRANK BRUNCKHORST III, individually and in his :
capacity as trustee of THE FRANK BRUNCKHORST III :
2001 TRUST, :
:     21 Civ. 4362 (JPC)
                     Plaintiff, :
:
              -v- :         ORDER
:
ERIC BISCHOFF *et al.*, :
:
                 Defendants. :
:
-------------------------------------------------------------------X
:
ERIC BISCHOFF, :
:
             Counterclaim-Plaintiff, :
:
              -v- :
:
FRANK BRUNCKHORST III, individually and in his :
capacity as trustee of THE FRANK BRUNCKHORST III :
2001 TRUST, :
:
             Counterclaim-Defendant. :
:
-------------------------------------------------------------------X
:
ERIC BISCHOFF, :
:
             Counterclaim-Plaintiff, :
:
              -v- :
:
SUSAN STRAVITZ KEMP, in her capacity as co-trustee :
of THE BARBARA BRUNCKHORST 1994 TRUST and :
executrix of THE ESTATE OF BARBARA :
BRUNCKHORST *et al.*, :
:
             Crossclaim-Defendants. :
:
-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

The Court's Opinion and Order on the parties' motions for summary judgment provided Frank[1] and the Trustees the opportunity to show cause why, consistent with the holdings in that Opinion, summary judgment should not be granted *sua sponte* under Federal Rule of Civil Procedure 56(f) on Frank's declaratory judgment claim in favor of the Trustees with regard to the Barbara 1994 Trust shares (but not the Barbara 2010 Trust shares).  *See Brunckhorst v. Bischoff*, No. 21 Civ. 4362 (JPC), 2024 WL 4277788, at *25 (S.D.N.Y. Sept. 24, 2024).  On September 5, 2024, Frank and the Trustees filed a joint letter in response.  Dkt. 471 ("Joint Letter").

In their joint letter, both Frank and the Trustees acknowledge that "an order . . . granting summary judgment in favor of the Trustees on Frank's claim against them as it relates to the Barbara 1994 Trust shares . . . would be consistent with the Court's rulings summarized in the first paragraph of the Conclusion section of the Opinion."  *Id.* at 1.  Yet, the Trustees ask the Court to instead "decline jurisdiction to further adjudicate Frank's declaratory judgment action as to the Barbara 1994 Trust shares" given the Court's other rulings in the summary judgment Opinion.  *Id.* at 1-2.

As the Opinion explains, the Second Circuit "ha[s] consistently interpreted [the Declaratory Judgment Act's] permissive language as a broad grant of discretion to district courts to refuse to exercise jurisdiction over a declaratory action that they would otherwise be empowered to hear."  *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 96 (2d Cir. 2023) (internal quotation marks omitted).  "[T]he two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and

---

[1] Terms are defined in this Order in the same manner they were defined in the Court's Opinion and Order on summary judgment.  *See Brunckhorst*, 2024 WL 4277788, at *1.

settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Id.* (internal quotation marks omitted).

The Trustees contend that "further adjudication of the merits of Frank's declaratory judgment claim as to the Barbara 1994 Trust shares will not advance this litigation given the Court's other rulings." Joint Letter at 2. In their view, "[a]t this point, a further ruling on Frank's claim as to the Barbara 1994 Trust shares will neither 'serve a useful purpose in clarifying and settling the legal relations in issue,' nor 'terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Id.* (quoting *Admiral Insurance*, 57 F.4th at 96).

The Court disagrees with the Trustees' assessment under *Admiral Insurance* and will enter summary judgment in favor of the Trustees on Frank's claim as it concerns the Barbara 1994 Trust shares, in line with its analysis in the Opinion. Frank brought his Complaint against the Trustees (as well as against Eric), seeking a declaratory judgment as to the proper recipient of the Barbara Trust Shares, Dkts. 1, 68, and he moved for summary judgment in his favor on that declaratory judgment claim, Dkt. 268. The Court has since resolved Frank's and Eric's competing summary judgment motions, and in doing so concluded that "Eric, not Frank, timely accepted the shares held by the Barbara 1994 Trust." *Brunckhorst*, 2024 WL 4277788, at *16. Declining jurisdiction over Frank's claim as against the Trustees would situate Eric and the Trustees differently, further complicating these proceedings moving forward. It is therefore difficult to see why declining jurisdiction over Frank's claim against the Trustees would be appropriate, even if the Court's analysis in the Opinion indicates the outcome of that claim as it pertains to the Barbara 1994 Trust shares. Similarly, given that the Court has resolved the question of the proper recipient of the

Barbara 1994 Trust shares in granting Eric partial summary judgment, judicial efficiency interests weigh in favor of granting summary judgment to the Trustees on this aspect of Frank's claim.

In sum, granting summary judgment in favor of the Trustees as to Frank's claim concerning the Barbara 1994 Trust shares serves to finalize a major component of this controversy, will simplify the legal issues present in the case, and will clarify the legal relations between Frank and the Trustees. The *Admiral Insurance* factors therefore weigh in favor of exercising discretionary jurisdiction over Frank's claim against the Trustees as to the Barbara 1994 Trust shares and resolving it through summary judgment under Rule 56(f). *See Admiral Ins. Co.*, 57 F.4th at 99-100. Thus, for the reasons identified in the Court's Opinion, the Court grants summary judgment in favor of the Trustees on Frank's claim against them as it relates to the Barbara 1994 Trust shares. As a matter of law, Frank is not entitled to his sought declaratory relief against the Trustees as to those shares.

The Court also addresses one other outstanding matter. In response to the Court's direction in the September 24, 2024 Order on the pending sealing motions, Dkt. 478, the Trustees have proposed redactions to the October 29, 2020 Amendment and Restatement of the Barabara Brunckhorst 1994 Trust Agreement, Dkt. 278-19, and the December 24, 2010 Amendment to the Barbara 2010 Trust Agreement, Dkt. 277-46. The Court has reviewed the proposed redactions under the principles set forth in *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir.

2006), and its progeny, and approves the proposed redactions for the reasons laid out in the September 24, 2024 Order. The Court did not receive proposed redactions to the Declaration of Robert S. Martin, Dkt. 273, so the Clerk of Court is respectfully directed to unseal that filing.

SO ORDERED.

Dated: October 7, 2024
New York, New York

_____
JOHN P. CRONAN
United States District Judge