UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
FRANK BRUNCKHORST III, individually and in his :
capacity as trustee of THE FRANK BRUNCKHORST III :
2001 TRUST, :
: 21 Civ. 4362 (JPC)
Plaintiff, :
:
-v- : ORDER
:
ERIC BISCHOFF *et al.*, :
:
Defendants. :
:
-----------------------------------------------------------------------X
:
ERIC BISCHOFF, :
:
Counterclaim-Plaintiff, :
:
-v- :
:
FRANK BRUNCKHORST III, individually and in his :
capacity as trustee of THE FRANK BRUNCKHORST III :
2001 TRUST, :
:
Counterclaim-Defendant. :
:
-----------------------------------------------------------------------X
:
ERIC BISCHOFF, :
:
Crossclaim-Plaintiff, :
:
-v- :
:
SUSAN STRAVITZ KEMP, in her capacity as co-trustee :
of THE BARBARA BRUNCKHORST 1994 TRUST and :
executrix of THE ESTATE OF BARBARA :
BRUNCKHORST *et al.*, :
:
Crossclaim-Defendants. :
:
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On September 30, 2025, the Court filed under seal two decisions in this action—one that resolved motions for summary judgment with respect to the 2010 Trust Shares held by the Barbara 2010 Trust (the "2010 Trust Summary Judgment Opinion"), Dkt. 582 ("SJ Opinion"),[1] and another that granted in part and denied in part the Trustees' motion to amend their Answer to Eric's Third Amended Counterclaims and Crossclaims (the "Motion to Amend Opinion"; together, with the 2010 Trust Summary Judgment Opinion, the "September 30 Opinions"), Dkt. 583 ("MTA Opinion"). In the September 30 Opinions, the Court afforded the parties the opportunity to propose redactions and to file a joint letter justifying any redactions before unsealing those decisions. SJ Opinion at 30; MTA Opinion at 23. In a third Order issued on September 30, 2025, the Court invited the parties to propose redactions, with justifications, to the transcript from the oral argument on September 8, 2025, Dkt. 573, before it is unsealed. Dkt. 574. On October 7, 2025, the Trustees filed a letter moving to redact portions of the September 30 Opinions and the oral argument transcript and representing the parties' respective positions on that motion. Dkt. 576 ("Joint Letter"). Also on that date, the Trustees filed documents reflecting their proposed redactions. Dkts. 578-580.

## I. Discussion

The Trustees seek to redact information about Barbara's private estate planning and Boar's Head's business. Joint Letter at 2. They also request that the Court approve the redaction of a clause in the Motion to Amend Opinion that concerns why the Trustees sought a tax offset. Dkt. 579 at 20. Frank does not object. Joint Letter at 4. Eric challenges the proposed redactions to the

---

[1] Except where otherwise indicated, terms are defined in this Order in the same manner they were defined in the 2010 Trust Summary Judgment Opinion. *See* SJ Opinion at 2, 11.

2010 Trust Summary Judgment Opinion only. *Id.* at 2-3. He opposes the Trustees' request to redact (i) the number of Boar's Head shares held by the Barbara 2010 Trust, (ii) a description of the 2009 Firm Memo and "consequent 2010 transfers that violated the Shareholder's Agreement," and (iii) the identity of the beneficiary of the Barbara 2010 Trust.[2] *Id.* at 2-3. The Trustees contend that this information is "[p]ersonal and financial information [that] implicate[s] significant privacy interests that overcome the strong presumption of public access." *Id.* at 2 (cleaned up). In response, Eric relies on the "strong presumption" of public access to the 2010 Trust Summary Judgment Opinion, arguing that these three categories of information "would materially assist" the public's ability to evaluate the Court's conclusions. *Id.* at 3 (citations omitted).

The Court has resolved several motions to seal or redact filings in this case—*see, e.g.*, Dkts. 230, 298, 498, 572—and on September 24, 2024, it issued an Order (the "2024 Sealing Order") concerning redactions to the Court's Opinion and Order granting summary judgment as to the shares held in the Barbara 1994 Trust (the "1994 Trust Summary Judgment Opinion") and related filings. *See Brunckhorst v. Bischoff*, No. 21 Civ 4362 (JPC), 2024 WL 4276201 (S.D.N.Y. Sept. 24, 2024). The Court assumes the parties' familiarity with that Order's description of the applicable standards for sealing and redactions of court filings established by *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and its progeny. *See Brunckhorst*, 2024 WL 4276201, at *1-5. In this Order, the Court employs the same standards and approach as it did in the 2024 Sealing Order.

---

[2] The Trustees also propose redactions of the number of disputed shares and the beneficiary's identity in the Motion to Amend Opinion and the oral argument transcript. Eric has not opposed those redactions. *See* Joint Letter at 2-3 ("Eric takes no position on the Trustees' proposed redactions to the transcript of oral argument and the Court's Opinion and Order on the Trustees' motion to amend . . . .").

A.      **The 2010 Trust Summary Judgment Opinion**

In the 2024 Sealing Order, the Court analyzed, under the common law and the First Amendment, whether to redact the sort of information that Eric now argues should be disclosed. *See* Joint Letter at 3; *Brunckhorst*, 2024 WL 4276201, at *2-6.  In allowing the redaction of Boar's Head's sensitive business information, the Court explained that the proposed redactions advanced privacy interests that "outweigh[ed] the right to public access [to] . . . information in this case" and were "narrowly tailored to serve those interests."  *Brunckhorst*, 2024 WL 4276201, at *3. Regarding private estate planning information, the Court approved the redaction of "details like trust beneficiaries" because they were "irrelevant to the Court's summary judgment decision"; the privacy interest with respect to immaterial content prevailed over the presumption in favor of public access.  *Id.*

Applying the *Lugosch* standard to the 2010 Trust Summary Judgment Opinion, the Court arrives at the same conclusions with respect to the number of disputed shares and the identity of the Barbara 2010 Trust's beneficiary.  As explained in the 2024 Sealing Order, that information is private to Boar's Head and Barbara's estate.  *Id.* at *2-3; *see id.* at *3 ("If publicly revealed, sensitive business information could undercut a business's competitive advantage.").  It also has as little relevance to the Court's analysis in the 2010 Trust Summary Judgment Opinion as it did to the 1994 Trust Summary Judgment Opinion.  Knowing the number of disputed shares or the identity of the Barbara 2010 Trust's beneficiary would not "materially assist the public in understanding the issues before the court, and in evaluating the fairness and integrity of the court's proceedings."  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (cleaned up); *see Brunckhorst*, 2024 WL 4276201, at *2 ("Thus, the records [concerning sensitive business information] are not tied to the disposition of this matter and therefore do not

4

trigger a strong presumption in favor of access."). Accordingly, for the reasons articulated in the 2024 Sealing Order, the Court finds that with respect to these two categories, the competing interests overcome the presumption of public access and that the Trustees' request is narrowly tailored to serve those interests. *See Brunckhorst*, 2024 WL 4276201, at *2-3 (concluding that "public access to these materials neither implicates the 'positive role in the functioning of the particular process[es]' employed to resolve this case, nor is it 'a necessary corollary of the capacity to attend the relevant proceedings'" (quoting *Lugosch*, 435 F.3d at 120) (alteration in original)).

The *Lugosch* analysis of the Firm Memo is different, however. While the Firm Memo is mentioned just once in the 1994 Trust Summary Judgment Opinion, the discussion of the Firm Memo occupies nearly two pages of the 2010 Trust Summary Judgment Opinion. SJ Opinion at 7-9.[3] The Court granted the motion to redact the lone mention in the 1994 Trust Summary Judgment Opinion because the Firm Memo's contents, or even the Firm Memo's existence, were not necessary to understand how the Court arrived at that ruling. Not so with the 2010 Trust Summary Judgment Opinion. The Firm Memo was critical "to determin[ing] litigants' substantive legal rights" in that ruling, triggering a "strong presumption of access." *Lugosch*, 435 F.3d at 121.

That strong presumption of access to the Firm Memo is not overcome by the privacy interest in personal estate planning information. An instructive comparison is the RSM 1988 Trust,[4] whose details the Court declined to redact in the 2024 Sealing Order. *Brunckhorst*, 2024 WL 4276201, at *4. Details of the RSM 1988 Trust were "important to considering the parties' positions and resolving their summary judgment motions" regarding the Barbara 1994 Trust,

---

[3] As discussed in the 2024 Sealing Order, the Court is not required to seal or redact information that had previously been withheld from public access. *See Brunckhorst*, 2024 WL 4276201, at *4 n.3, *5.

[4] "RSM" and the "RSM 1988 Trust" are defined in the 2024 Sealing Order. *Brunckhorst*, 2024 WL 4276201, at *1, *4.

notwithstanding the presence of estate planning information. *Id.* The grounds for revealing the Firm Memo's contents in the 2010 Trust Summary Judgment Opinion are even more compelling. The Firm Memo—which discusses the provenance of the Barbara 2010 Trust and explores how that trust interacts with the terms of the Shareholder's Agreement—similarly was "central" to the Court's analysis in the 2010 Trust Summary Judgment Opinion. *Id.* Further, Todd, as the trustee of the Barbara 2010 Trust, is a party to this litigation, unlike RSM or the RSM 1988 Trust. A third party typically enjoys a weightier privacy interest than a party to the litigation. *See id.* ("The Court is not unsympathetic to RSM's position, as he is not a party to this litigation."); *see also In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) (weighing "heavily" the privacy interests of third parties in evaluating redaction requests).[5] Despite the privacy interests in the RSM 1988 Trust, the Court declined to redact information about it. *Brunckhorst*, 2024 WL 4276201, at *4-5. It is similarly inappropriate to redact the Firm Memo, given its centrality to the 2010 Trust Summary Judgment Opinion and the less compelling privacy interests implicated. The Court therefore denies the Trustees' request to redact the Opinion's discussion of the Firm Memo, aside from the Firm Memo's mentions of the contemplated beneficiary of the Barbara 2010 Trust.

For similar reasons, the Court also denies the Trustees' proposed redactions of descriptions of the Barbara 2010 Trust Agreement, Dkt. 520-2, in the 2010 Trust Summary Judgment Opinion. *See* SJ Opinion at 9-10. The terms of that agreement are essential to understanding why the

---

[5] The Trustees cite *Greater Miami Baseball Club L.P. v. Selig*, 955 F. Supp. 37, 40 (S.D.N.Y. 1997), where the court sealed a document that related to "personal estate planning of a major league owner." Joint Letter at 2. *Greater Miami Baseball Club* supports their position—with which the Court agrees—that personal estate planning records implicate privacy interests. But that decision sheds no light on how to balance those privacy interests against the public's right to information that is integral to the Court's reasoning in a summary judgment opinion. Indeed, the analysis in *Greater Miami Baseball Club* suggests that the court viewed the owner's estate planning information as having little relevance to the merits of the case.

Ancillary Documents, Dkts. 520-3, 520-4, 520-5, were void *ab initio*, a determination which led to the Court's conclusion that Eric is the proper owner of the 2010 Trust Shares. *See* SJ Opinion at 14, 18-21. The Trustees have not supplied a basis for overcoming the "strong presumption of access" to the Opinion's descriptions of the Barbara 2010 Trust Agreement. *Lugosch*, 435 F.3d at 121.

For the foregoing reasons, the Court orders the 2010 Trust Summary Judgment Opinion redacted only with respect to the number of disputed shares and the identity of the Barbara 2010 Trust's beneficiary.

**B.    The Motion to Amend Opinion and the Oral Argument Transcript**

For the reasons explained at *supra* I.A, the number of disputed shares and the identity of the Barbara 2010 Trust's beneficiary also may be redacted from the Motion to Amend Opinion and the oral argument transcript.

The Court denies the Trustees' other proposed redaction in the Motion to Amend Opinion. The Trustees seek to redact a reference to an argument that they made with respect to the tax offsets, Dkt. 579 at 20, but they fail to identify any compelling privacy interest or "higher value[]" served by doing so, *Lugosch*, 435 F.3d at 124. *See generally* Joint Letter. Accordingly, the presumption of public access is not overcome, and the Trustees' request for that proposed redaction is denied.

Finally, the Court grants the Trustees' request to redact from the oral argument transcript information about the value of Boar's Head shares and distributions. *See* Dkt. 580. That information reveals sensitive business information about Boar's Head and implicates private estate planning information. While this information could become highly relevant during the damages stage of this litigation, it bore little on the Court's analyses in the September 30 Opinions. Given the lack of relevance and the privacy interests implicated, the Court finds that the competing

7

interests overcome the presumption of public access and that the Trustees' request is narrowly tailored to serve those interests. *See Brunckhorst*, 2024 WL 4276201, at *2-3.

## II. Rulings

For the foregoing reasons, after considering the Trustees' requests under the principles set forth in *Lugosch* and its progeny, the Court grants the Trustees' motion in part and denies it in part. The following documents shall be publicly filed with redactions, as set forth herein:

- Docket Number 573: The Court approves the Trustees' proposed redactions of the transcript of the oral argument on September 8, 2025. *See* Dkt. 580.

- Docket Number 582: The Court approves the Trustees' proposed redactions of the 2010 Trust Summary Judgment Opinion at pages 2, 9 (except for the first three lines and last six lines), 10 (except for the first line and the footnote), 15 to 19, and 25. *See* Dkt. 578. On page 8, the only approved redactions are of the identity of the contemplated beneficiary of the Barbara 2010 Trust at the third line and the tenth, ninth, and eighth lines from the bottom. *See id.*

- Docket Number 583: The Court approves the Trustees' proposed redactions contained on page 19 of the Motion to Amend Opinion. *See* Dkt. 579.

Unless specifically identified above, the requests to redact a document otherwise are denied. No earlier than November 7, 2025, at 12:00 p.m., the Court will file public copies of the September 30 Opinions and transcript of the September 8, 2025 oral argument with the redactions set forth above. The unredacted versions of these documents shall remain under seal. The Clerk of Court is respectfully directed to close the motion at Docket Number 576.

The Court also intends to unseal the six documents mentioned at *supra* I.A, as they were central to the Court's adjudication of the parties' summary judgment motions. These materials are the Shareholder's Agreement, Dkt. 520-1, the Barbara 2010 Trust Agreement, Dkt. 520-2, the Irrevocability Agreement, Dkt. 520-3, the Death Appointment, Dkt. 520-4, the Income Assignment, Dkt. 520-5, and the Firm Memo, Dkt. 520-6. By November 17, 2025, the parties should propose redactions, if any, to these materials consistent with the reasoning of this Order.

SO ORDERED.

Dated: November 3, 2025
      New York, New York

                                         JOHN P. CRONAN
                                    United States District Judge