UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANK BRUNCKHORST III, individually and in his capacity as trustee of THE FRANK BRUNCKHORST III 2001 TRUST,

Plaintiff,

-v-

ERIC BISCHOFF, *et al.*,

Defendants.

ERIC BISCHOFF,

Counterclaim-Plaintiff,

-v-

FRANK BRUNCKHORST III, individually and in his capacity as trustee of THE FRANK BRUNCKHORST III 2001 TRUST,

Counterclaim-Defendant.

ERIC BISCHOFF,

Crossclaim-Plaintiff,

-v-

SUSAN STRAVITZ KEMP, in her capacity as co-trustee of THE BARBARA BRUNCKHORST 1994 TRUST and executrix of THE ESTATE OF BARBARA BRUNCKHORST, *et al.*,

Crossclaim-Defendants.

21 Civ. 4362 (JPC)

<u>JUDGMENT</u>

JOHN P. CRONAN, United States District Judge:

WHEREAS, this action involves a dispute between Plaintiff and Counterclaim-Defendant Frank Brunckhorst III ("Frank"), Defendant, Counterclaim-Plaintiff, and Crossclaim-Plaintiff Eric Bischoff ("Eric"), and Defendants and Crossclaim-Defendants Susan Stravitz Kemp, in her capacities as co-trustee of the Barbara Brunckhorst 1994 Trust (the "Barbara 1994 Trust") and executrix of Barbara Brunckhorst's estate, and Richard Todd Stravitz, in his capacities as co-trustee of the Barbara 1994 Trust, trustee of the Barbara Brunckhorst 2010 Trust (the "Barbara 2010 Trust," and together with the Barbara 1994 Trust, the "Barbara Trusts"), and executor of Barbara Brunckhorst's estate (collectively, the "Trustees") (Frank, Eric, and the Trustees referred to collectively as the "Parties"), concerning 1,152 shares of Boar's Head Provisions Co., Inc's ("Boar's Head") common stock held in the Barbara 1994 Trust (the "1994 Trust Shares") and 48 shares of Boar's Head common stock held in the Barbara 2010 Trust (the "2010 Trust Shares," and together with the 1994 Trust Shares, the "Barbara Trust Shares");

WHEREAS, on August 29, 2024, the Court issued an Opinion and Order holding that Eric timely accepted a deemed offer to purchase the 1994 Trust Shares, and the Trustees breached the 1991 Shareholder's Agreement and Irrevocable Trust (the "Shareholder's Agreement") by not selling the 1994 Trust Shares to Eric;

WHEREAS, on September 30, 2025, the Court issued an Opinion and Order holding that Eric timely accepted a deemed offer to purchase the 2010 Trust Shares, and the Trustees breached the Shareholder's Agreement by not selling the 2010 Trust Shares to Eric;

WHEREAS, on July 7, 2026, the Court issued an Opinion and Order holding that (i) the Trustees must transfer to Eric the Barbara Trust Shares and all distributions paid by Boar's Head to the Barbara Trusts since August 18, 2021 (the "Distributions," and each, a "Distribution"), plus

prejudgment interest on the Distributions at a rate of nine percent per annum from the date of each Distribution, and (ii) Eric must tender payment for the Barbara Trust Shares to the Trustees in accordance with the terms of the Shareholder's Agreement and the Opinion and Order; and

WHEREAS, pursuant to the traditional equitable power of federal courts in cases of irreparable injury and under New York State law, the Court has discretion to grant injunctive relief consistent with the requirements set forth in Rule 65(d) of the Federal Rules of Civil Procedure.

It is now, therefore, ORDERED, ADJUDGED, and DECREED that:

1. Within 14 days of the later of both (1) Eric's notification to Trustees of which payment option he elects (*i.e.*, lump sum or installments, as detailed below), along with appropriate payment instructions, and (2) the date on which the Court enters this Judgment, the Trustees shall transfer the following property and monies to Eric: (i) the Barbara Trust Shares; (ii) $98,500,000.00, *i.e.*, the total amount of Distributions paid to the Barbara Trusts as of July 21, 2026; (iii) any Distributions paid to the Barbara Trusts after entry of this Judgment but before the Trustees transfer the Barbara Trust Shares to Eric; and (iv) $20,648,141.37, *i.e.*, prejudgment interest on the Distributions at a rate of nine percent per annum from the date Boar's Head paid each Distribution as of July 21, 2026.

2. Within 14 days of the later of both (1) Eric's notification to Trustees of which payment option he elects (*i.e.*, lump sum or installments, as detailed below), along with appropriate payment instructions, and (2) the date on which the Court enters this Judgment, Eric shall tender payment to Trustees for the Barbara Trust Shares either in a lump-sum payment or in installments as Eric shall elect.

a. If Eric elects a lump-sum payment of the full purchase price, Eric shall pay $90,929,096.00 to the Trustees.

b. If Eric elects to pay the purchase price in installments, Eric shall pay the four past-due installments totaling $49,510,892.77 to the Trustees and deliver a six-year promissory note (the "Promissory Note") in a form satisfactory to the Trustees with the principal amount of $54,557,457.60 for the remaining unpaid sixty percent of the purchase price, bearing interest compounded annually at a rate of 4.25%, with all unpaid principal and interest due on or before September 30, 2031.

3. If Eric elects to pay the purchase price in installments, the Promissory Note shall provide for six annual principal installment payments of $9,092,909.60 (totaling the principal due under the Promissory Note, *i.e.*, $54,557,457.60). Each such installment shall be due annually on September 30, with the first such installment payment due on September 30, 2026. Along with each such installment payment, Eric must tender an interest payment equal to 4.25 percent of the outstanding principal remaining on the Promissory Note at the time of each installment payment.

4. Notwithstanding anything to the contrary in Paragraph No. 3, Eric may pay all or part of the outstanding principal balance and any accrued and unpaid interest remaining on the Promissory Note at any time before the maturity of the Promissory Note, without premium or penalty.

5. Eric may net the amount of purchase money he elects to pay the Trustees (*i.e.*, $90,929,096.00 or $49,510,892.77) against the amount of money the Trustees must pay Eric (*i.e.*, the Distributions plus prejudgment interest thereon).

6. In accordance with Rule 65(d)(2) of the Federal Rules of Civil Procedure, the injunctive provisions of this Judgment are binding upon all the Parties and their respective officers, agents, servants, employees, and attorneys, and any other person who receives actual notice of this

Judgment and is in active concert and participation with any of the foregoing.

7. This Judgment, in conjunction with all prior orders entered by the Court in this action, finally disposes of all claims and defenses between and among all the Parties. Accordingly, the Clerk of Court is respectfully directed to enter this Judgment as a final judgment and close this action. This Court retains jurisdiction of this action and over all the Parties for purposes of enforcing this Judgment and resolving any disputes concerning this Judgment.

SO ORDERED.

Dated: July 21, 2026
New York, New York

JOHN P. CRONAN
United States District Judge